UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61640-CIV-DIMITROULEAS

NOELIA ESCOBEDO,  Magistrate Judge Snow

    Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner
of Social Security

    Defendant.
_____/

**ORDER ADOPTING REPORT OF MAGISTRATE JUDGE**

THIS CAUSE is before the Court upon the Report and Recommendation [DE-23] of Magistrate Judge Snow filed on June 26, 2009.  The Court has conducted a *de novo* review of the Report and Recommendations, the record, and Plaintiff Noelia Escobedo's Objection to the Report and Recommendation [DE-24], and is otherwise fully advised in the premises.

Plaintiff objects to the Magistrate Judge's Report and Recommendation on several grounds.  First, Plaintiff objects that the testimony of Medical Expert, Dr. John Griscom, was weighed more heavily than that of Plaintiff's treating physicians and orthopedic surgeon. Plaintiff also objects that the hypothetical questions presented to the Vocational Expert by the Administrative Law Judge did not include limitations imposed by Plaintiff's right carpal tunnel syndrome and right leg pain and numbness as documented in the medical record.  Finally, Plaintiff argues that there is substantial evidence that Plaintiff meets the elements of Medical Listing 1.04A.  Specifically, Plaintiff argues that there was evidence she was unable to sit/stand/walk more than 30 minutes or walk more than a block in an 8-hour work day and

required frequent changes in position.  Plaintiff claims under Social Security Rulings, this precludes even sedentary work.

The Magistrate Judge found that the ALJ considered all the medical evidence, including the findings of Plaintiff's treating physicians and orthopedic surgeon, in making his determinations.  In particular, the ALJ gave little weight to the opinions of Dr. Suarez and Dr. Bernadotte.  The ALJ found that Dr. Suarez's opinion was not supported by medically acceptable clinical and laboratory techniques and was inconsistent with other evidence of record.  The ALJ also gave little weight to the opinion of Dr. Bernadotte.  Dr. Bernadotte opined that Plaintiff could not deal with the public or work with stresses, and that her ability to understand, remember and carry out simple job instructions was only fair.  Yet, Dr. Bernadotte also stated that as to Plaintiff's inability to work, her depression was secondary to her physical limitations, and that Plaintiff's eligibility for disability should be based on her physical ailments, rather than emotional problems.  This was corroborated by Dr. Westerfeld as well.  The ALJ noted that approximately six months after Plaintiff's injury, Dr. Mate, a board certified neurologist that Plaintiff sought out, opined that Plaintiff should be able to resume light duty work.  On the other hand, the ALJ gave great weight to the opinions of the State Agency medical consultants.  The consultants found that Plaintiff could lift up to twenty pounds occasionally and up to ten pounds frequently, could stand and/or walk for six hours and sit for six hours during an eight-hour workday.  The ALJ noted that examining physicians had found Plaintiff to be neurologically intact.  The ALJ found that the State Agency medical consultants presented relevant evidence and good reasons to support their opinions.

The Magistrate Judge found there was substantial evidence in the record to support the ALJ's determination of Plaintiff's physical residual functional capacity used in the hypothetical

presented to the Vocational Expert.  The ALJ found that EMG and nerve conduction studies did not indicate the presence of cervical radiculopathy or carpal tunnel syndrome.

The ALJ gave great weight to the opinions of the State Agency medical consultants, who found that Plaintiff could lift up to twenty pounds occasionally and up to ten pounds frequently, could stand and/or walk for six hours and sit for six hours during an eight-hour workday.  Again, the ALJ found that the consultants presented relevant evidence and good reasons to support their opinions.  Finally, the ALJ found that Escobedo's testimony was not credible.

This Court agrees with the reasoning and analysis of the Magistrate Judge that the Defendant's Motion for Summary Judgment should be granted and the Plaintiff's Motion for Summary Judgment be denied.  Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE-23] is hereby **ADOPTED**;

2. Defendant's Motion for Summary Judgment [DE-20] is hereby **GRANTED**;

4. Plaintiff's Motion for Summary Judgment [DE-16] is hereby **DENIED**;

5. The decision of the Commissioner that the Claimant is not under a "disability" as defined in the Social Security Act is hereby **AFFIRMED**;

6. All other pending motions are hereby denied as moot;

7. The Clerk shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of September, 2009.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge Snow
Counsel of Record